The opinion of the Court was delivered by
O’Neall, J.
In this case, we think the motion for leave to appear and plead, ought to have been granted. It is true, applications of this kind are addressed to the discretion of the Court, but it will be seen, in all the cases, that when the defendant has been guilty of no neglect, and has not intended to take an advantage, he has been allowed to appear and plead. Such is the case where an attorney has been employed and failed to appear, or where the act of Cod has prevented the appearance; or whei'e the defendant was served by copy left at his residence, and he was absent from the State, and his absence extended beyond the term. In such a case as that last mentioned, the service was ruled to be good, but the defendant was let in to appear, and Judge Johnson, delivering the opinion said, “ by the practice of the Court, the defendant would, on showing the circumstances, be allowed to come in and plead at any time before judgment, and even after judgment, the Court would, on merits shown, open the case and let the defendant into his defence, if he had not an opportunity of coming in before.” Frean ads. Cruikshanks, 3 McC. 84.
Hanks vs. Ingram, 2 Bail. 440, is an illustration of the principle, that a defendant is not allowed to take an advantage of his own wrong. For there the defendant withheld *23 bis motion to set aside tbe writ until tbe second term, when tbe statute would bave protected bim if be bad succeeded in quashing tbe writ; baying, however, failed in obtaining tbe advantage which be sought, be was not allowed to appear.
In this case, at tbe return term of tbe writ, tbe defendant moved to set aside tbe service. Tbe judge sustained bis motion, but on appeal to this Court, bis decision was reversed. Under such circumstances, I think tbe defendant was guilty of no default. He was in Court by attorney, moving to set .aside tbe writ at tbe return term. If tbe judge bad refused bis motion, be might and ought to bave appeared, but tbe judge bolding tbe service ill, be could not appear. When that decision was reversed, be must be considered as having all tbe rights, which be would bave bad, if that bad been tbe decision below.
Tbe motion is granted.
Wardlaw, Glover and Munro, JJ., concurred.
Withers, J. I acquiesce upon tbe special circumstances of this case.

Motion granted.